UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brandon Barefield,

        Plaintiff,

v.

Hanover Insurance Company,

        Defendant.

_____/

Case No. 14-11231

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

This matter comes before the Court on Defendant's motion for summary judgment on the basis of judicial estoppel and Plaintiff's lack of standing. Because the bankruptcy trustee, not Plaintiff, is the real party in interest in this case, the Court GRANTS Defendant's motion and DISMISSES Plaintiff's complaint without prejudice.

**I.     Background**

Plaintiff Brandon Barefield began working at Defendant Hanover Insurance Company in May 2012. (Dkt. 1, Compl. ¶ 9.) On February 28, 2013, Defendant informed Plaintiff that his employment was being terminated. (*Id.* at ¶ 44.)

On June 3, 2013, three months after his termination, Plaintiff filed for Chapter 7 bankruptcy. (Def.'s Mot., Ex. 1.) Plaintiff did not include any claims or potential claims against Defendant as an asset in his bankruptcy petition. (*Id.*) On September 10, 2013, the bankruptcy court closed Plaintiff's bankruptcy without an entry of discharge because Plaintiff failed to file a required document. (*Id.* at 22.) Following a motion by Plaintiff, the bankruptcy court subsequently reopened Plaintiff's bankruptcy on September 19, 2013. (*Id.*

at 25.) The bankruptcy court discharged Plaintiff's debts on September 25, 2013, and closed Plaintiff's bankruptcy on October 10, 2013. (*Id.*)

Despite not listing any claims against Defendant in his bankruptcy petition, Plaintiff filed this action against Defendant on March 25, 2014, alleging discrimination on the basis of disability under Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1202(1)(b), and discrimination on the basis of weight under Michigan's Elliot-Larsen Civil Rights Act. Mich. Comp. Laws § 37.2202(1)(a).

## II.   Standard of Review

Defendant's motion is for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Both parties, however, have presented evidence of matters outside of the pleadings. Defendant has attached Plaintiff's bankruptcy petition to its motion and Plaintiff's resume and cover letter in applying for a job at Defendant to its reply. Plaintiff has attached an affidavit to his response. Because Plaintiff and Defendant have presented matters outside of the pleadings, this Court converts Defendant's motion to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 502-504 (6th Cir. 2006) (citing Fed. R. Civ. P. 12 advisory committee's note (1946)).

A court ordinarily needs to provide the parties notice of a conversion and provide "reasonable opportunity to present all material made pertinent to such a motion." *Max Arnold*, 452 F.3d at 504. A court need not do so, however, where both parties "in fact had sufficient opportunity to present pertinent materials." *Id.*; *Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010). Here, both parties had sufficient notice and opportunity. Defendant acknowledged in its motion that the Court may decide to convert the motion to

one for summary judgment and stated the summary judgment standard. (Def.'s Mot. at 13 n. 2.) Plaintiff titled its response brief "Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment" and also included his own evidence outside of the pleadings. (Pl's. Resp., Ex. A, Affidavit of Brandon Barefield.) Both parties had sufficient notice that Defendant's motion would be converted to a motion for summary judgment.

Summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III.    Analysis

Defendant argues that the Court should dismiss Plaintiff's complaint on the basis of judicial estoppel because Plaintiff did not include either of his potential discrimination claims in his bankruptcy petition. *See White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472 (6th Cir. 2010) (dismissing a complaint on the grounds of judicial estoppel because the plaintiff did not include her claims in her prior bankruptcy petition). Defendant argues in the alternative that this Court should dismiss the complaint because Plaintiff lacks standing to bring the claim. Although Defendant's primary argument is for judicial estoppel, and both parties focus the majority of their briefs on that issue, Plaintiff's "standing" to bring these

claims is a "threshold question" that the Court must address first. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012).

### A.      Plaintiff Is Not the Real Party In Interest

Defendant argues that Plaintiff lacks standing to bring his claims because the claims do not belong to him. Rather, they belong to the bankruptcy trustee. Defendant frames this as a standing issue, but it is actually a question of whether Plaintiff is the real party in interest under Federal Rule of Civil Procedure 17. *See Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Despite this slight mischaracterization, Defendant is correct that Plaintiff does not have the ability to bring these claims because he is not the real party in interest.

When a debtor files for bankruptcy, the bankruptcy estate becomes the owner of all the debtor's property as of the commencement of the case. *Auday*, 698 F.3d at 904 (citing 11 U.S.C. § 541(a)(1)). This includes all of the debtor's potential causes of action that accrued prior to the debtor's bankruptcy petition. *Id.* Because these causes of action belong to the bankruptcy estate, it is the trustee and not the debtor who is responsible for them. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). "It is well-settled that the right to pursue causes of action formerly belonging to the debtor . . . vests in the trustee for the benefit of the estate." *Id.* (quoting *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D. Miss. 1986)). It is the trustee who "has the capacity to sue or be sued," *Id.* (quoting 11 U.S.C. § 323(b)), and, absent abandonment by the trustee, the "debtor has no standing to pursue such causes of action." *Id.*; *see also Auday*, 698 F.3d at 904. For the trustee to abandon a claim, it must give notice to creditors, and, if any of the creditors

4

object, the bankruptcy court must hold a hearing. *Auday*, 698 F.3d at 905 (citing 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007(a)).

The facts of *Auday* are substantially similar to the facts of this case. In *Auday*, an employee filed for Chapter 7 bankruptcy shortly after being terminated by her employer. 698 F.3d at 903. She did not include any causes of action against her employer in her bankruptcy petition, and her bankruptcy was closed without any claim being disclosed to the bankruptcy court. *Id.* During the bankruptcy, however, the employee did disclose to the bankruptcy trustee the existence of a potential age-discrimination claim against her employer. *Id.* at 903-904. Following her discharge, the employee brought that age-discrimination claim. *Id.* at 904. The court held that the employee could not bring the claim because it accrued prior to the filing of her bankruptcy and was therefore the property of her estate. *Id.* The employee was not the real party in interest, and absent abandonment, only the bankruptcy trustee could bring the claim. *Id.*

Here, Plaintiff's claims for disability and weight discrimination accrued on the date he was terminated, February 28, 2013. They became the property of his estate when he filed for bankruptcy in June of 2013. Therefore, Plaintiff is not the real party in interest for the discrimination claims. There being no evidence of abandonment, only the trustee may bring these claims.

Plaintiff argues that he can bring this action because he did not know that he had any legal claims against Defendant at the time of his bankruptcy. Even if Plaintiff had no knowledge of his claims against Defendant at the time of his bankruptcy, that does not change the fact that his claims accrued when he was terminated on February 28, 2013. Since the accrual date was before Plaintiff filed for bankruptcy, the claims are part of his

bankruptcy estate, and Plaintiff is not the real party in interest. *See Auday*, 698 F.3d at 904

("When Auday filed for bankruptcy, her estate became owner of all of her property,

including tort claims that accrued before she filed for bankruptcy.").[1]

### B.     Dismissal of the Complaint is the Appropriate Remedy

Although Plaintiff is not the real party in interest, it does not necessarily mean that

the Court must dismiss his claims. According to Federal Rule of Civil Procedure 17(a)(3),

"The court may not dismiss an action for failure to prosecute in the name of the real party

in interest until, after an objection, a reasonable time has been allowed for the real party

in interest to ratify, join, or be substituted into the action." The determination of a

"reasonable time" for the real party in interest to take action is a matter of judicial discretion.

6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil

3d § 1555, at 575-76 (3d ed. 2002).

Despite the literal wording of Rule 17(a)(3), it does not apply to every case brought

by an inappropriate plaintiff. The purpose of Rule 17(a)(3) is to "protect against forfeiture

when determination of the proper party to sue is difficult or when an understandable

mistake has been made." Fed. R. Civ. P. 12 advisory committee's note (1966).

Accordingly, courts have held that when the determination of the proper party is not difficult

---

[1] Because Plaintiff is not the real party in interest, the Court declines to address Defendant's argument for dismissal based on judicial estoppel. *See Auday,* 698 F.3d at 904 (calling the issue of whether the plaintiff is the real party in interest a "threshold question," that must be addressed before considering judicial estoppel); *Piper v. Dollar Gen. Corp.*, No. 3:11-554, 2011 WL 4565432, at *6 (M.D. Tenn. Sept. 29, 2011) ("While the Sixth Circuit has not reached this issue, several circuit courts have concluded that, even if judicial estoppel would have barred the plaintiff from asserting her claims, the question is essentially moot because the claims should not have been asserted by the plaintiff in the first place, but, rather, they should have been asserted by the bankruptcy estate through the trustee, which is the "real party in interest.").

and when there has been no understandable mistake, dismissal is warranted despite Rule 17(a)(3). *See, e.g.*, *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 563 (3d Cir. 2008); *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1075 (9th Cir. 1989); *see also* Federal Practice & Procedure: Civil 3d § 1555.

There is not much case law in the Sixth Circuit on how to apply Rule 17(a)(3) when a former Chapter 7 debtor brings a pre-bankruptcy claim belonging to the bankruptcy trustee. The case law that there is suggests that substitution is an acceptable remedy that courts should consider before dismissing the case. *See Bauer*, 859 F.2d at 441-42 (stating that the court "would be unable to detect so much as a hint of any abuse of discretion" in the district court's order to substitute the trustee as the plaintiff); *Knight v. New Farmers Nat. Bank*, No. 90-6071, 1991 WL 207056, at *2 (6th Cir. Oct.16, 1991) (holding that the district court erred in dismissing the plaintiff's claim without first considering ratification or substitution by the trustee).The case law, however, does not mandate substitution over dismissal. And courts have dismissed claims in factually similar situations if substitution would not achieve the purposes of Rule 17(a)(3). *See, e.g.*, *Van Sickle v. Fifth Third Bancorp*, No. 12-11837, 2012 WL 3230430, at *3 (E.D. Mich. Aug. 6, 2012) (dismissing on the grounds that because it was "clearly established" that the bankruptcy trustee was the real party in interest for the plaintiff's pre-bankruptcy claims, the determination of the proper party was not difficult and the plaintiff did not make an excusable mistake that warranted application of Rule 17(a)(3)); *Rodriguez v. Mustang Mfg. Co.*, No. 07-13828, 2008 WL 2605471, at *3-4 (E.D. Mich. June 27, 2008) (dismissing because two years had passed since the plaintiff's bankruptcy was closed and the plaintiff did not make a reasonable

mistake in pursuing the action under his own name where the law "clearly demonstrated" that the trustee was the real party in interest).

Courts that have allowed for substitution of the trustee rather than dismissal have typically done so where a statute of limitations would bar the trustee from later bringing the claim if dismissed. *See, e.g.*, *Auday v. Wetseal Retail, Inc.*, No. 1:10-CV-260, 2013 WL 2457717, at *6 (E.D. Tenn. June 6, 2013) (*Auday II*); *Canterbury v. Fed.-Mogul Ignition Co.*, 483 F. Supp. 2d 820, 826-28 (S.D. Iowa 2007). In *Auday II*, which was on remand from *Auday*, 698 F.3d 902, discussed previously, the court found that dismissal would unfairly preclude the trustee from bringing the plaintiff's claims because the limitations period had run. 2013 WL 2457717, at *6. This would prevent the creditors from ever recovering on the claims. *Id.* Similarly, in *Canterbury*, the court ruled against dismissal because a statute of limitations would prevent the trustee from later bringing the claims. 483 F. Supp at 827. The court found that this would be an inequitable outcome because it would be "significant detriment" to both the trustee and the creditors, and because it could allow the defendant to "receive a possible windfall by virtue of not being held accountable for its allegedly illegal actions."*Id.*

At oral argument, the parties stated that the statute of limitations would not bar the bankruptcy trustee from bringing the claims himself. Because of this, the Court finds that dismissal rather than substitution is the appropriate remedy. The reasoning of *Van Sickle* and *Rodriguez* is persuasive. *Van Sickle*, 2012 WL 3230430; *Rodriguez*, 2008 WL 2605471. The determination of the proper plaintiff was not difficult in this case. Although Plaintiff contends that there is no binding authority in the Sixth Circuit for concluding that Plaintiff "lacks standing" to bring his claims, (Pl.'s Resp. at 21), this is incorrect. There are

8

many binding Sixth Circuit cases holding that the bankruptcy trustee is the real party in interest in this case. *See, e.g.*, *Auday*, 698 F.3d 902; *Bauer*, 859 F.2d 438. For the same reason, Plaintiff did not make an excusable mistake in attempting to bring the case in his own name. Allowing for substitution in this case would not achieve Rule 17(a)(3)'s purpose to "protect against forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note (1966).

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's complaint without prejudice.


S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2014, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager